IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CASCADE PENSION TRUST,
et al.,

       Plaintiffs,

   v.

JB TECHNOLOGIES, INC.,

       Defendant.

No. 1:12-cv-34-PA

**ORDER**

**PANNER, District Judge:**

    This ERISA action is brought by multi-employer trust funds against defendant JB Technologies, Inc. Defendant has failed to make mandatory contributions to fund employee fringe benefits.

    I grant plaintiffs' motions for a default judgment and for attorney's fees and costs. Plaintiffs are to submit a proposed judgment in accord with this order.

### LEGAL STANDARDS FOR DEFAULT JUDGMENTS

    After entering an order of default, the district court has

1 - ORDER

discretion to issue a default judgment. See Fed. R. Civ. P. 55; DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

## DISCUSSION

### I. Actions to Collect Delinquent Contributions

An employer that is required to contribute to an employee benefit plan must comply with the governing collective bargaining agreement. 29 U.S.C. § 1145. If the court enters judgment against an employer in an action seeking delinquent contributions, the court must award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>   (i) interest on the unpaid contributions, or
>
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

2 - ORDER

29 U.S.C. § 1132(g)(2).

For a multi-employer trust fund to recover delinquent contributions from an employer, "(1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan[1] must provide for such an award." Nw. Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996) (citing Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989)). After reviewing the audit report, declarations, and legal brief submitted by plaintiffs, I agree with plaintiffs that they have met these conditions and are entitled to entry of default judgment for unpaid contributions, liquidated damages, and attorney's fees and costs.

## II. Defendant Failed to Pay Required Contributions

Plaintiffs submit affidavits and reports showing defendant failed to make $31,799.85 in contributions due for work performed by its employees during 2010 and 2011. Plaintiff's auditor, Randy Wilson, states by declaration that defendant failed to report hours of work performed during 2010-11 by any of the persons identified in the audit. Wilson Decl. ¶ 8. Defendant did not provide monthly payroll reports after its report for July 2010.

Of the unpaid contributions, almost $12,000 is due for hours

---

[1] I agree with plaintiffs that because attorney's fees, costs, and equitable relief are authorized by statute, the plan need not specifically include authority for such awards.

3 - ORDER

worked by one employee, Scott Matson. Defendant told plaintiffs that Matson worked only as an office employee and errand runner during the relevant time. Defendant failed to produce records that would show whether Matson performed electrical work covered by the collective bargaining agreement. Matson told plaintiffs that while he did run parts for defendant on odd jobs, he "pulled a lot of wire" for defendant, specifically on a project at Rogue Valley Manor. I find "pulling wire" is covered by the applicable collective bargaining agreement. See Flegel Decl. ¶ 5.

Defendant also failed to produce records that would show whether Matson was a journeyman electrician or an apprentice. An employee's job classification affects the amount of the contributions due from defendant. I find Matson is properly treated as a journeyman electrician. See id. ¶ 6.

I find defendant "failed to keep adequate records," and that "some employees . . . (a) performed covered work that was (b) unreported to the trust funds." Motion Picture Indus. Pension & Health Plans v. N.T. Audio Visual Supply, Inc., 259 F.3d 1063, 1066 (9th Cir. 2001). Under these circumstances, "the burden shifts to [defendant] to show the extent of the unreported covered work for those employees." Id. "An employer cannot escape liability for his failure to pay his employees the wages and benefits due to them under the law by hiding behind his failure to keep records as statutorily required." Brick Masons Pension Trust v. Indus. Fence & Supply, Inc., 839 F.2d 1333, 1338 (9th Cir. 1988).

Here, defendant has failed to meet its burden. Defendant has

4 - ORDER

not responded to plaintiffs' audit report, or to their legal arguments. I find plaintiffs correctly calculated defendant's unpaid contributions.

### III. Liquidated Damages

Plaintiffs seek liquidated damages of $8,483.32, as authorized by the collective bargaining agreement. This court will enforce a liquidated damages provision when the harm caused by the breach of contract is difficult or impossible to estimate, and the amount of liquidated damages is a reasonable forecast of compensation for the harm caused. See Idaho Plumbers, 875 F.2d at 217.

Based on the record, I find plaintiffs are entitled to liquidated damages. I find plaintiffs' calculation of liquidated damages is correct.

### IV. Interest on Contributions

Under § 1132(g)(2)(B), plaintiffs are entitled to prejudgment interest on unpaid contributions. The collective bargaining agreement establishes the rate of interest, which is 12% here.

I find plaintiffs' calculations of prejudgment interest are correct.

### V. Audit Costs

Plaintiffs may recover the cost of the audit. I find that the requested amount, $2,827.67, is reasonable.

### VI. Post-Judgment Interest Rate

The collective bargaining agreement does not provide a post-judgment interest rate. Plaintiffs rely on the agreement's provision imposing a 12% interest rate on "delinquent

5 - ORDER

contributions from the first day of the month following the month in which they are due until paid." O'Donnell Decl., Ex. 3, at 4. Plaintiffs cite Or. Rev. Stat. § 82-210 as authority for imposing a post-judgment interest rate of 9% on awards of attorney's fees, audit costs, or liquidated damages.

Federal law governs the post-judgment interest rate. <u>Citicorp Real Estate, Inc. v. Smith</u>, 155 F.3d 1097, 1107 (9th Cir. 1988). Under 28 U.S.C. § 1961, post-judgment interest "shall be calculated . . . at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment."

"An exception to § 1961 exists when the parties contractually agree to waive its application." <u>Fid. Fed. Bank, FSB v. Durga Ma Corp.</u>, 387 F.3d 1021, 1023 (9th Cir. 2004). Here, the agreement does not include a provision showing the parties specifically intended to waive application of § 1961 to post-judgment awards. See, e.g., <u>Trustees of the Operating Eng'rs Pension Trust v. Munson Plumbing, Inc.</u>, 2011 WL 245732, at *6 (C.D. Cal. 2011) ("Plaintiffs have not pointed to any contractual language that could be read as a waiver of 28 U.S.C. § 1961."). The federal statutory rate of interest applies post-judgment to the entire amount awarded.

## VII. Attorney's Fees and Costs

"ERISA provides for the mandatory award of attorney's fees to pension plans in successful actions to collect delinquent

6 - ORDER

contributions owed under 29 U.S.C. § 1145." Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1256 (9th Cir. 2006). Plaintiffs here are entitled to reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2)(E). Plaintiffs are also entitled to reasonable litigation expenses that are not generally taxable as costs under 28 U.S.C. § 1920, "if separate billing for such expenses is 'the prevailing practice in the local community.'" Redlands Ins., 460 F.3d at 1259 (quoting Missouri v. Jenkins, 491 U.S. 274, 287 n.9 (1989)).

This court applies the lodestar method to determine reasonable attorney's fees in an ERISA action. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The lodestar amount, the reasonable number of hours worked multiplied by reasonable hourly rates, is "presumptively the reasonable fee amount," which the court may adjust only in rare cases. Id.

I have reviewed plaintiffs' requested hourly rates for their attorneys and paralegals. I find the requested hourly rates reasonable in light of the attorneys' experience and qualifications.

I have reviewed plaintiffs' requested hours. The hours are reasonable given the relative complexity of this area of law. There are quite a few entries that use block billing, "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th

7 - ORDER

Cir. 1996). Block billing makes it more difficult for the court to evaluate the reasonableness of the hours requested. Here, after reviewing the entries using block billing, I find the hours requested are reasonable for the tasks listed.

I conclude that the requested amount of fees for attorneys, law clerks, and paralegals, is reasonable, and award a total of $20,118.50. I find the requested itemized costs of $560.14 and the taxable costs of $385 are reasonable.

## CONCLUSION

Plaintiffs' motions for default judgment (#32) and for attorney's fees and costs (#36) are granted. Plaintiffs are to submit a proposed judgment in accordance with this order.

IT IS SO ORDERED.

DATED this **29** day of January, 2013.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

8 - ORDER